**FILED**

**July 28, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Aron Freeland,**
**Petitioner below, Petitioner**

**v.) No. 25-222** (Marshall County CC-25-2024-C-22)

**David Kelly, Commissioner,**
**West Virginia Division of**
**Corrections and Rehabilitation,**
**Respondent below, Respondent**

## MEMORANDUM DECISION

Petitioner Aron Freeland appeals the January 30, 2025, order of the Circuit Court of Marshall County denying his petition for a writ of habeas corpus challenging his convictions on three prison disciplinary violations.[1] The petitioner argues that the respondent should be directed to hold new hearings for these charged violations. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

---

[1] The petitioner is currently self-represented. However, the petitioner's brief was filed by attorney Martin P. Sheehan. This Court granted Mr. Sheehan's motion to withdraw as the petitioner's counsel by order entered on January 20, 2026. Also, because a new Commissioner of the West Virginia Division of Corrections and Rehabilitation took office while this appeal was pending, his name has been substituted as the respondent. The respondent is represented by Attorney General John B. McCuskey and Assistant Attorney General Mark L. Garren.

In the petitioner's brief, Mr. Sheehan states that the brief is filed pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. In the motion to withdraw this Court granted in its January 20, 2026, order, Mr. Sheehan informed the Court that a conflict developed between the petitioner and himself due to an ethics complaint the petitioner filed against him. While Rule 10(c)(10)(b) directs counsel to seek leave for the petitioner to file a supplemental brief if the petitioner chooses to do so, this Court remanded the case to the circuit court for the limited purpose of determining whether the petitioner was entitled to further appointment of counsel. By order entered on February 2, 2026, the circuit court found that the petitioner effectively waived his right to counsel by engaging in a "pattern of abusive behavior towards counsel" and causing "repeated appointments and withdrawals of counsel," which defeated the purpose of appointment of counsel. On February 17, 2026, the petitioner filed a motion in this Court requesting leave to respond to the circuit court's February 2, 2026, order. This Court refused the petitioner's motion on March 9, 2026.

The petitioner is an incarcerated individual in the respondent's custody. By the petitioner's own admission, the appendix record that he submitted to this Court includes "stray" documents "unrelated" to this prison disciplinary case. From the documents that appear relevant to the disciplinary violations at issue, we glean the following: While incarcerated at Denmar Correctional Center and Jail on October 13, 2023, the petitioner allegedly made threats to a counselor in violation of disciplinary rule 2.02. The counselor also charged the petitioner with violating disciplinary rule 1.25 ("compromising an employee"), which includes attempts to persuade employees of the West Virginia Division of Corrections and Rehabilitation ("DCR") "to engage in violations of DCR policies and procedures, jeopardize security, engage in poor work performance, or otherwise violate applicable laws or regulations." In addition, on October 17, 2023, the petitioner allegedly refused to complete his job duties as a janitor in violation of disciplinary rule 2.03 ("refusal to work").

The petitioner appeared before a DCR hearing officer on October 24, 2023. Regarding the October 13, 2023, incident, the hearing officer reviewed the counselor's incident report and heard the testimony of both the counselor and the petitioner. The petitioner apologized for comments that, according to him, he did not intend to be threatening. The hearing officer determined the evidence supported finding the petitioner guilty of making threats and compromising an employee. The hearing officer imposed thirty days of loss of privileges and thirty days of punitive segregation. The facility superintendent approved the hearing officer's imposition of a forfeiture of two years of the petitioner's credit for good behavior ("good time credit").[2] Regarding the October 17, 2023, incident when the petitioner allegedly refused to work, evidence included a labor pool contract, twenty-one pages of janitor logs, and testimony by the petitioner and the corrections officer who issued the incident report. The petitioner asked the hearing officer to review the janitor logs. The hearing officer determined that the janitor logs and the other evidence supported finding the petitioner guilty of refusing to work in violation of disciplinary rule 2.03. The hearing officer imposed a loss of 180 days of the petitioner's good time credit but suspended that sanction in favor of probation.

The petitioner then filed a habeas petition challenging these disciplinary convictions.[3] Thereafter, the respondent filed a response to the petition. By order entered on January 30, 2025, the circuit court denied habeas relief, rejecting the petitioner's claims that (1) he was not afforded due process at the October 24, 2023, disciplinary proceeding, (2) his disciplinary convictions from

---

[2] DCR Policy Directive 325.00 provides that if a prisoner is convicted of a class I violation, such as compromising an employee, the forfeiture of up to two years of goodtime credit constitutes an appropriate sanction. However, section 5.01(a) of the policy directive requires that the forfeiture be approved by the superintendent. *See* W. Va. Code § 15A-4-17(f) ("For each [disciplinary] violation[,] any part or all of the good time which has been granted to the inmate pursuant to this section may be forfeited and revoked by the superintendent of the institution in which the violation occurred.").

[3] The petitioner filed this petition in a different circuit court, but the case was transferred to the Circuit Court of Marshall County when the petitioner was transferred to a correctional facility in Marshall County.

that proceeding were not supported by sufficient evidence, and (3) the sanctions imposed as a result of these disciplinary convictions were cruel and unusual.

The petitioner appeals the circuit court's denial of his habeas petition. We review such denials under the standard set forth in Syllabus Point 1 of *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006):

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

On appeal, petitioner states that this habeas action has a complicated procedural history and, as noted above, he concedes that his appendix record includes "stray" documents "unrelated" to this prison disciplinary case. The petitioner bears the burden of ensuring that the appendix record contains documents pertinent to the issues raised on appeal. *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (This Court "take[s] as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim."). In addition, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that the petitioner's argument must include specific citations to the record that "pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Because the petitioner fails to set forth assignments of error in his brief and concedes that the appendix record is filled with extraneous material, we rely on the circuit court's January 30, 2025, order for the issues we need to address on appeal.

Initially, the circuit court stated that due process requires, as relevant here, that a prisoner charged with a disciplinary violation must have (1) the opportunity to be heard and present witnesses and evidence, and (2) the right to appear before a neutral and detached hearing officer. *See* Syl. Pt. 1, *Nobles v. Duncil,* 202 W. Va. 523, 505 S.E.2d 442 (1998) (listing due process requirements first announced in Syllabus Point 1 of *Harrah v. Leverette,* 165 W. Va. 665, 271 S.E.2d 322 (1980)). Regarding the convictions for making threats and compromising an employee, the petitioner argues that the hearing officer erred in denying his motion for a continuance to question staff members about how they conduct property intake, which was the issue he wanted to discuss with the counselor. The petitioner concedes that the hearing officer ruled that such questioning would be irrelevant to the charges filed against him by the counselor. DCR Policy Directive 325.00, which governs the discipline of prisoners, provides, in pertinent part, that the hearing officer may exclude evidence and testimony "irrelevant to the issue of [the prisoner's] guilt/innocence[.]" *Id.* § 6.11(g)(1). Regarding the disciplinary conviction for refusing to work, the petitioner argues that the hearing officer did not consider the janitor logs, which is contradicted by the hearing officer's finding that the janitor logs and the other evidence showed that the petitioner refused to work in violation of disciplinary rule 2.03.

3

The petitioner argues that the hearing officer was not neutral and detached because the hearing officer ruled against him in a prior proceeding. The respondent counters that we have observed that "an inmate's mere disagreement with the hearing officer's rulings will not support a claim that there was no neutral and detached hearing body." *Taylor v. Mirandy*, No. 17-0351, 2018 WL 1887387, at *3 n.4 (W. Va. Apr. 20, 2018) (memorandum decision); *see also State v. Brown*, 177 W. Va. 633, 641, 355 S.E.2d 614, 622 (1987) (finding that there was no reason to question the trial judge's impartiality, and the judge's rulings on the defendant's motions had a reasonable basis in law). Therefore, the circuit court did not abuse its discretion in rejecting the petitioner's claim that he was not afforded due process consistent with *Nobles* and *Harrah*.

Next, the circuit court noted that the standard for upholding disciplinary convictions requires only that there is some evidence to support the convictions. *See Snider v. Fox*, 218 W. Va. 663, 666-67, 627 S.E.2d 353, 356-57 (2006). The relevant question is "whether there is *any* evidence in the record that could support the conclusion reached by the [hearing officer]." *Id.* at 667, 627 S.E.2d at 357 (quoting *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985)) (emphasis added). We give substantial deference to the hearing officer's findings because ascertaining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* (quoting *Walpole*, 472 U.S. at 455). Therefore, the circuit court did not abuse its discretion in rejecting this claim as, based upon the evidence and testimony presented to the hearing officer, some evidence existed to support the petitioner's disciplinary convictions for making threats, compromising an employee, and refusing to work.

Finally, while the petitioner invokes the Eighth Amendment's prohibition against cruel and unusual punishment in arguing that he should not have received three consecutive thirty-day terms of punitive segregation, the circuit court found that the October 24, 2023, disciplinary proceeding "did not result in [an aggregate sentence] of ninety . . . days of punitive segregation." Regarding the disciplinary convictions for making threats and compromising an employee, the hearing officer imposed a single thirty-day term of punitive segregation (among other sanctions) as reflected by the hearing report for those convictions. For the disciplinary conviction for refusing to work, that hearing report shows that no punitive segregation was imposed. Thus, the alleged factual basis of the petitioner's Eighth Amendment argument is contradicted by the hearing reports from the October 24, 2023, disciplinary proceeding. Therefore, we conclude that the circuit court did not abuse its discretion in rejecting this claim and in denying the petitioner's petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

4